**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MACK ARTHUR DAVIS, JR., Defendant. | No. 07-CR-49-LRR  **ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Mack Arthur Davis, Jr.'s Objections (docket no. 65) to the Report and Recommendation (docket no. 62), which recommends the undersigned deny Defendant's Motion to Suppress ("Motion") (docket no. 37).

## *II. RELEVANT PRIOR PROCEEDINGS*

On June 20, 2007, a grand jury returned a three-count Indictment against Defendant. Counts 1 and 2 charged Defendant with Distribution of Cocaine Base After Having Previously Been Convicted of a Felony Drug Offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851. Count 3 charged Defendant with Distribution of Cocaine Base, Within 1,000 Feet of a Public Elementary School, After Having Previously Been Convicted of a Felony Drug Offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 and 860.

On January 2, 2008, Defendant filed the Motion. On January 9, 2008, the government filed a Resistance to the Motion.

On January 9, 2008, a second grand jury returned a Superseding Indictment against Defendant. The Superseding Indictment is identical to the Indictment.[1]

---

[1] The government sought the Superseding Indictment from a different grand jury to
(continued…)

On January 11, 2008, United States Magistrate Judge Jon Stuart Scoles held a hearing on the Motion. On January 16, 2008, Magistrate Judge Scoles issued the Report and Recommendation. On January 21, 2008, Defendant filed the Objections to the Report and Recommendation.

On January 28, 2008, the court ordered counsel for Defendant to order a transcript of the hearing before Magistrate Judge Scoles. On January 31, 2008, the court reporter filed the transcript.

### III. STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that *de novo* review is "required"). The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1).

Federal Rule of Criminal Procedure 59 explains that "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence . . . . The magistrate judge must promptly conduct the required proceedings." Fed. R. Crim. P. 59(b)(1). Thereafter, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "The district judge must consider *de novo* any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

Because Defendant has made timely and specific objections in this case, the

---

[1](…continued)
moot the issues raised in Defendant's Motion to Dismiss (docket no. 44).

following *de novo* review is required. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

## IV. ANALYSIS

Upon *de novo* review, including a full review of the transcript of the hearing before Magistrate Judge Scoles, the court shall adopt the Report and Recommendation in its entirety and deny the Objections.

## V. DISPOSITION

**IT IS ORDERED:**

(1) Defendant's Objections (docket no. 65) to the Report and Recommendation (docket no. 62) are **OVERRULED**;

(2) Magistrate Judge Scoles's Report and Recommendation (docket no. 62) is **ADOPTED**;

(3) Defendant's Motion (docket no. 37) is **DENIED**;

(4) The time between the filing of the Motion and the date of this Order is excluded from calculation under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); *id.* § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"); and

(5) Defendant's deadline for receiving the additional one-level decrease for acceptance of responsibility, *see* Trial Management Order (docket no. 11), at 7 (discussing USSG §3E1.1(b)(2)), is **CONTINUED** to **Monday, February 4, 2008**.

**IT IS SO ORDERED.**

**DATED** this 1st day of February, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA