# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MACK ARTHUR DAVIS, JR.,<br><br>    Defendant. | No. 07-CR-49-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Mack Arthur Davis, Jr.'s Response to Magistrate's Report and Recommendation ("Objections") (docket no. 106). Essentially, Defendant objects to the Report and Recommendation (docket no. 105), which recommends denying his Motion for Permission to Withdraw Guilty Plea ("Motion") (docket no. 85).

## *II. PROCEDURAL HISTORY*

On January 9, 2008, the grand jury returned a three-count Superseding Indictment against Defendant. Count 1 charges that, on or about June 20, 2006, Defendant, after having been convicted previously of a felony drug offense, knowingly and intentionally distributed 0.81 grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 851. Count 2 charges that, on or about June 22, 2006, Defendant, after having been convicted previously of a prior felony drug offense, knowingly and intentionally distributed 0.47 grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 851. Count 3 charges that, on or about June 28, 2006, Defendant, after having been convicted previously of a felony drug offense, knowingly and intentionally distributed

0.79 grams of a mixture and substance containing a detectable amount of cocaine base, within 1,000 feet of a public elementary school, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), 21 U.S.C. § 851 and 21 U.S.C. § 860.

On February 5, 2008, Defendant participated in a proffer interview with the government ("Proffer Interview"). Defendant and the government subsequently entered into a plea agreement ("Plea Agreement"). Defendant signed the Plea Agreement on February 5, 2008, and the government signed the Plea Agreement on February 6, 2008. On February 6, 2008, Defendant and his attorney, David Nadler, appeared before United States Magistrate Judge Jon Stuart Scoles for a change of plea hearing ("Plea Hearing"). Assistant United States Attorney Stephanie Rose and Special Assistant United States Attorney Mark Tremmel appeared on behalf of the government. At the Plea Hearing, Defendant pleaded guilty to the lesser included offense of Count 3 ("Guilty Plea"). Specifically, Defendant admitted that, after having been convicted previously of a felony drug offense, he knowingly and intentionally distributed 0.79 grams of a mixture or substance containing a detectable amount of cocaine base, but he did not admit that he distributed the substance within 1,000 feet of a protected location. On the same date, Judge Scoles filed a Report and Recommendation (docket no. 83), which recommended that the court accept Defendant's Guilty Plea. Defendant did not file objections. On February 21, 2008, the undersigned filed an order (docket no. 84) accepting the Report and Recommendation pertaining to Defendant's Guilty Plea.

On March 11, 2008, Defendant filed the Motion (docket no. 85). On March 14, 2008, the government filed a Resistance (docket no. 87). On March 31, 2008, Defendant and his attorney, David Nadler, appeared before Judge Scoles for a hearing on the Motion (" First Motion Hearing "). Stephanie Rose and Mark Tremmel appeared on behalf of the government. At the First Motion Hearing, Defendant testified, and it became apparent that David Nadler would be required to testify. Consequently, Judge Scoles granted David Nadler's Motion to Withdraw as Attorney and ordered the Clerk of Court to appoint a new

attorney for Defendant. On the same date, the Clerk of Court appointed attorney Mark Meyer to represent Defendant. On April 21, 2008, Defendant filed a Brief Regarding Attorney-Client Privilege in further support of the Motion. On the same date, the government filed a Supplemental Memorandum in support of its Resistance. On April 23, 2008, Defendant and his attorney, Mark Meyer, appeared before Judge Scoles for a hearing on the Motion ("Second Motion Hearing"). Stephanie Rose and Mark Tremmel appeared on behalf of the government.

On April 30, 2008, Judge Scoles entered the Report and Recommendation, which recommends that the Motion be denied. On May 11, 2008, Defendant timely filed the Objections. The court finds the matter fully submitted and ready for review.

### III. STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that *de novo* review is "required"). The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1).

Federal Rule of Criminal Procedure 59 similarly explains that "[a] district judge may refer to a magistrate judge for recommendation . . . any matter that may dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings." Fed. R. Crim. P. 59(b)(1). Thereafter, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "The district judge must consider *de novo* any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

3

Because Defendant made timely and specific objections in this case, the following *de novo* review is required. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

## IV. THE MERITS

### A. Defendant's Objections

Defendant offers two factual objections and one legal objection. With respect to his factual objections, Defendant asserts that there are additional material and relevant factual matters not set forth in the Report and Recommendation. Specifically, Defendant maintains that the Report and Recommendation failed to mention that the Proffer Interview occurred on the same date that Defendant signed the Plea Agreement and that facts revealed during the Proffer Interview contradict facts that are part of the Plea Agreement. Other than those two factual objections, Defendant did not object to the findings of fact that Judge Scoles included in the Report and Recommendation. After a *de novo* review of the record, the court adopts and declines to modify Judge Scoles's findings of fact in the Report and Recommendation. Concerning his legal objection, Defendant maintains that the court should allow him to withdraw his guilty plea because he admitted during the Proffer Interview that he purchased an amount slightly exceeding 50 grams of cocaine base and the Plea Agreement contains a stipulation that he sold more than 50 grams of cocaine base and that his base offense level is 30. Similarly, after conducting a *de novo* review, the court concludes that there is no reason to alter Judge Scoles's determination that Defendant failed to show a fair and just reason to withdraw his guilty plea.

### B. Relevant Law

Federal Rule of Criminal Procedure 11(d) provides in relevant part:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
> . . .
> > (2) after the court accepts the plea, but before it imposes sentence if:
> . . .

> (B) the defendant can show a fair and just reason
> for requesting the withdrawal.

Fed. R. Crim. P.11(d)(2)(B); *see also United States v. Maxwell*, 498 F.3d 799, 800 (8th Cir. 2007) ("A defendant may withdraw a guilty plea after the court accepts the plea, and before sentencing, if he demonstrates '"a fair and just reason" for the withdrawal.'" (quoting *United States v. Mugan*, 441 F.3d 622, 630 (8th Cir. 2006)). Under Rule 11(d)(2)(B), the "standard is a liberal one, but it does not create an automatic right to withdraw a plea." *United States v. Smith*, 422 F.3d 715, 723 (8th Cir. 2005) (citing *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996)). "A guilty plea is a solemn act not to be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997) (citing *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). "The defendant bears the burden of proving why one of the recognized justifications should permit a withdrawal of what he had solemnly made under oath." *Smith*, 422 F.3d at 723-24 (citing *United States v. Morales*, 120 F.3d 744, 747-48 (8th Cir. 1997)). In addition to considering the "fair and just reason" standard, a court may also consider (1) any assertions of legal innocence, (2) the amount of time between the guilty plea and the motion to withdraw, and (3) the prejudice to the government in granting the motion. *Maxwell*, 498 F.3d at 801 (citation omitted). If a defendant fails to show a fair and just reason for withdrawing his or her plea, the court need not address these additional three factors. *Id.* (citing *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005)).

In order to be constitutionally valid, "a guilty plea must be knowing, voluntary, and intelligent." *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). Rule 11 requires a court, which takes a guilty plea, to conduct a colloquy with the defendant to ensure that the court only accepts a knowing, voluntary, and intelligent guilty plea. *Id.*; *see also* Fed. R. Crim. P. 11(b)(1), (2), (3) (requiring the court to advise the defendant of the rights he or she is giving up by pleading guilty, question the defendant regarding the voluntariness of his or her decision to plead guilty, and determine that a factual basis exists

5

for the plea). "The defendant bears the burden of establishing grounds for withdrawal of a plea . . . ." *United States v. Montag*, 28 F. App'x 589, 592 (8th Cir. 2002).

### C. Application

#### 1. Factual Objections

In the Objections, Defendant propounds two factual objections, and he asks the court to include additional facts. First, Defendant objects to the Report and Recommendation's failure to include the fact that Defendant signed the Plea Agreement on the same day as his Proffer Interview. Defendant described the process as a "rush job." ("Factual Objection 1"). Second, Defendant objects to the Report and Recommendation's failure to include the fact that, during the Proffer Interview, Defendant stated that he made purchases of cocaine base exceeding 50 grams. However, in the Plea Agreement, Defendant stipulates that he sold more than 50 grams of cocaine base and stipulates to a base offense level of 30.

After conducting the requisite *de novo* review, the court overrules Factual Objection 1 because the court finds that the Report and Recommendation includes all relevant facts. The Report and Recommendation notes that Defendant testified at the First Motion Hearing that the Guilty Plea felt like a "rush job." Moreover, the court fails to understand how, and Defendant advances no reason why, the timing of the Proffer Interview has any bearing on whether Defendant's "[G]uilty [P]lea [was] knowing, voluntary, and intelligent." *Martinez-Cruz*, 186 F.3d at 1104.

Similarly, the court overrules Factual Objection 2 because the court finds no factual discrepancy between the report of the Proffer Interview and the Plea Agreement. Although the report focuses primarily on the sources from which Defendant purchased cocaine base, it contains no facts contrary to those facts that Defendant stipulated in the Plea Agreement. Indeed, the focus on Defendant's purchases in the report is understandable given the contemporaneous assent to the Plea Agreement; given the signed Plea Agreement, law

6

enforcement's proper focus turned to other criminal activity, *e.g.*, Defendant's suppliers, rather than Defendant's sales of cocaine base.

   2.   *Legal Objection*

As previously stated, Defendant makes one legal objection. Defendant objects to the legal conclusion in the Report and Recommendation that there is no fair and just reason to allow him to withdraw his Guilty Plea because the Plea Agreement is based upon mutual error ("Legal Objection"). Specifically, Defendant contends that the discrepancy between the report of the Proffer Interview and the Plea Agreement reveals that he believed the Guilty Plea was premised upon his purchase of cocaine base rather than upon his selling 50 grams of cocaine base. Therefore, Defendant argues that he should be permitted to withdraw his Guilty Plea.

The Legal Objection fails for several reasons. First, the Plea Agreement that Defendant entered into does not involve any mutual mistake or error. Although the report of the Proffer Interview describes Defendant's purchases of cocaine base, these descriptions do not contravene Defendant's stipulation in the Plea Agreement that, on or about June 28, 2006 and after having been convicted previously of a felony drug offense, he knowingly and intentionally distributed 0.79 grams of cocaine base. Because there is no conflict, the court does not doubt that Defendant's "[G]uilty [P]lea [was] knowing, voluntary, and intelligent." *Id.* at 1104.

Second, the doctrine of mistake only counsels the allowance of withdrawal when it appears that the defendant "did not understand the nature of the offense charged." *Morales*, 120 F.3d at 747. The record, which includes the Plea Agreement, the report of the Proffer Interview, the transcripts of the Plea Hearing, the First Motion Hearing and the Second Motion Hearing, does not suggest that Defendant misunderstand the nature of his Guilty Plea. Because the report of the Proffer Interview does not address the Plea Agreement or the Guilty Plea, the court is unable to conclude that it has any bearing on whether Defendant understood either the Plea Agreement or the Guilty Plea. Accordingly,

7

the court finds that Defendant failed to propound a fair and just reason for withdrawal of his Guilty Plea. *See Montag*, 28 F. App'x at 592.

Third, to the extent the Legal Objection raises the issue of actual innocence, such objection fails to meet the applicable legal standard. A defendant, who makes a motion to withdraw a guilty plea on the basis of actual innocence, bears the burden of producing evidence to support his or her claim of innocence. *United States v. Ludwig*, 972 F.2d 948, 950 (8th Cir. 1992). "An assertion of innocence-even a swift change of heart after the plea-does not constitute a fair and just reason to grant withdrawal." *Morrison*, 967 F.2d at 268 (quotations omitted). A defendant's stipulation of facts at a plea hearing may form a sufficient evidentiary basis for his or her guilt. *Maxwell*, 498 F.3d at 801. A defendant's assertion of innocence does not constitute a fair and just reason to withdraw a guilty plea if there exists a sufficient evidentiary basis for a defendant's guilt. *Id.* at 802. Indeed, when a defendant admits "guilt to all of the elements of the charge and in [the] stipulation of facts, [his or her] post-plea claims of factual insufficiency and innocence are unavailing." *United States v. Jones*, 111 F.3d 597, 601 (8th Cir. 1997).

Defendant does not meet his burden. *Ludwig*, 972 F.2d at 950. Any assertion of innocence "does not constitute a fair and just reason to grant withdrawal[,]" *see Morrison*, 967 F.2d at 268 (quotations omitted), because his admissions at the Plea Hearing provide a sufficient evidentiary basis for his Guilty Plea, *see Maxwell*, 498 F.3d at 801-02. Specifically, Defendant stipulated at the Plea Hearing to each of the elements of Count 3's lesser included charge. *See Jones*, 111 F.3d at 601. In light of the fact that Defendant has produced no evidence to undermine his guilt under Count 3's lesser included charge, *see Ludwig*, 972 F.2d at 951, Defendant may not now challenge the evidentiary basis for the Guilty Plea, *Maxwell*, 498 F.3d at 802.

Therefore, the court shall overrule the Legal Objection and adopt the well reasoned analysis set forth in the Report and Recommendation.

## *V. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED**:

(1) The Objections (docket no. 106) are **OVERRULED**;

(2) Judge Scoles's Report and Recommendation (docket no. 105) is **ADOPTED**; and

(3) Defendants' Motion (docket no. 85) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 30th day of May, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA