# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MACK ARTHUR DAVIS, JR., Defendant. | No. 07-CR-49-LRR<br><br>**SENTENCING MEMORANDUM** |

## I. INTRODUCTION

The matter before the court is the sentencing of Defendant Mack Arthur Davis, Jr.

## II. ISSUE

The court must determine whether Defendant is a "career offender" for purposes of USSG §4B1.1 (2007). *See United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008) (stating that a district court must first calculate the defendant's advisory Sentencing Guidelines range) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). To make such determination, the court must decide whether a conviction for Indecent Contact With a Child ("Indecent Contact"), in violation of Iowa Code § 709.12(4) (1993), is a "crime of violence" as defined in USSG §4B1.2.

## III. ANALYSIS

Defendant is a "career offender" under the advisory Sentencing Guidelines if the following three prongs of USSG §4B1.1(a) are satisfied:

> (1) [Defendant] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id*. §4B1.1(a). The court considers each of these three prongs, in turn.

### A. Qualifying Age

First, it is undisputed that Defendant was at least eighteen years old at the time he committed the instant offense of conviction, Distribution of Crack Cocaine After a Prior Felony Drug Conviction, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851. Defendant was thirty-years old in June of 2006.

### B. Qualifying Offense

Second, it is undisputed that the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense. Distribution of Crack Cocaine After a Prior Felony Drug Conviction is a felony that is a controlled substance offense. *See* 18 U.S.C. § 3559 (classifying offenses as felonies); USSG §4B1.1, cmt. (n.1) (stating that the phrase "controlled substance offense" is defined in USSG §4B1.2); *id.* §4B1.2(b) (defining "controlled substance offense" as including federal drug distribution crimes).

### C. Two Predicate Offenses

The parties dispute whether Defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense ("predicate offenses").

#### 1. *First predicate offense*

The parties agree that Defendant has at least one predicate offense. It is undisputed that, on March 3, 1994, Defendant was convicted of Distribution of Crack Cocaine, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), in the United States District Court for the Northern District of Iowa. *See* Judgment in a Criminal Case (docket no. 116-6), at 1. Distribution of Crack Cocaine is a felony that is a controlled substance offense. *See* 18 U.S.C. § 3559 (classifying offenses as felonies); USSG §4B1.1, cmt. (n.1); *id.* §4B1.2.

#### 2. *Second predicate offense*

The parties do *not* agree that Defendant has a second predicate offense. While it is undisputed that, on April 5, 1999, Defendant was convicted of Indecent Contact in the Iowa District Court in and for Linn County, *see* Judgment & Sentence (docket no. 116-2),

2

at 1 ("J & S"), the parties do not agree that such prior conviction ("Prior Conviction") is a felony that is a crime of violence.

Defendant's Prior Conviction is clearly a felony for purposes of USSG §4B1.1(a). Even though Indecent Contact is an aggravated misdemeanor under Iowa law, it is punishable by more than one year of imprisonment in a state penitentiary. *See* Iowa Code § 903.1(2) (stating that aggravated misdemeanors are punishable by up to two years of imprisonment); USSG §4B1.2, cmt. (n.1) (advising that "'[p]rior felony conviction'" means a prior adult . . . state conviction for an offense punishable by . . . imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony . . . ."); *see, e.g., United States v. Postley*, 449 F.3d 831, 832 (8th Cir. 2006) (explaining that aggravated misdemeanors under Iowa law qualify as felonies under the advisory Sentencing Guidelines).

The fighting issue is simply whether the Prior Conviction is a crime of violence. Under the advisory Sentencing Guidelines,

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG §4B1.2. The second clause of §4B1.2(a)(2) is commonly referred to as the "otherwise" clause. *See, e.g., United States v. Williams*, No. 07-2679, 2008 WL 3266912, *2 (8th Cir. Aug. 11, 2008).

The court must use the "modified categorical approach" of *Taylor v. United States*,

3

495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), when analyzing whether Defendant's Prior Conviction is a crime of violence. *See, e.g., Williams*, 2008 WL 3266912, at *4 (applying the "modified categorical approach" and *Shepard*). That is, judicial fact-finding "is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. Further, the court is "bound by cases interpreting whether an offense is a crime of violence under the [advisory Sentencing] Guidelines as well as cases interpreting whether an offense is a violent felony under the Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(2)(B), because the two definitions are nearly identical. *Williams*, 2008 WL 3266912, *2; *see, e.g., United States v. Doe*, 960 F.2d 221, 225 (1st Cir. 1992) (Breyer, C.J.).[1]

Mindful of the foregoing principles, the court examines the Prior Conviction. Under the modified categorical approach of *Taylor* and *Shepard*, in the instant case the court is limited to an analysis of the elements of Indecent Contact, because the only evidence that the government introduced at Defendant's sentencing hearing was the J & S. Although the court may consider a judgment order such as the J & S, *see, e.g., Nijhawan v. Attorney General of the U.S.*, 523 F.3d 387, 395-96 (3d Cir. 2008) (holding that consideration of a judgment order was permissible under a *Shepard* analysis); *United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir. 2008) (same), the J & S simply states that Defendant was convicted of one count of Iowa Code § 709.12(4) and does not provide the court with any other information.[2]

---

[1] Section §4B1.2 substitutes "burglary of a dwelling" for "burglary" in the ACCA's list of example crimes.

[2] The United States Probation Office alleges certain facts underlying the Prior Conviction in Defendant's Presentence Investigation Report ("PSIR"). Defendant objected
(continued…)

In full, Iowa Code § 709.12(4) provides:

> A person eighteen years of age or older is[,] upon conviction[,] guilty of an aggravated misdemeanor if the person commits any of the following acts with a child, not the person's spouse, with or without the child's consent, for the purpose of arousing or satisfying the sexual desires of either of them:
>
> * * *
>
> 4. Solicit a child to engage in any act prohibited under section 709.8, subsection 1, 2, or 4.
>
> * * *

Iowa Code § 709.12(4). In turn, the relevant portions of Iowa Code § 709.8 provide:

> It is unlawful for any person eighteen years of age or older to perform any of the following acts with a child with or without the child's consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them:
>
> * * *
>
> 1. Fondle or touch the pubes or genitals of a child.
>
> 2. Permit or cause a child to fondle or touch the person's genitals or pubes.
>
> * * *
>
> 4. Inflict pain or discomfort upon a child or permit a child to inflict pain or discomfort on the person.

*Id.* § 709.8. For purposes of these statutes, a child is defined as "any person under the age of fourteen years." *Id.* § 702.5.

Because the government has not presented the court with admissible evidence as to

---

[2](…continued)
to such facts, and thus the court may not consider them. *See, e.g., United States v. Morehead*, 375 F.3d 677, 679 (8th Cir. 2004) (reversing district court for relying on disputed allegations of fact in a PSIR).

5

the underlying facts of the Prior Conviction, the court cannot be certain whether Defendant violated 709.12(4) by soliciting a child to engage in a violation of Iowa Code § 709.8(1), § 709.8(2) or § 709.8(4). However, Defendant affirmatively states that he was convicted of soliciting a violation of Iowa Code § 709.8(2) and not Iowa Code § 709.8(1) or Iowa Code § 709.8(4). *See* Sentencing Memorandum (docket no. 115), at 7 ("Mr. Davis was *not* charged with soliciting the acts referred to in subsections 1 or 4 of § 709.8, and therefore he was not convicted of a crime that has an element the use, attempted use, or threatened use of physical force." (Emphasis in original.)). The government does not dispute Defendant's statement and thus the court assumes its truth. Accordingly, the court need only determine whether soliciting a child to engage in a violation of § 709.8(2) is a crime of violence. For present purposes, then, the elements of the Prior Conviction under consideration are: (1) for the purpose of arousing or satisfying the sexual desires of either the defendant or the child; (2) the defendant solicited the child (3) to permit or cause the child to fondle or touch the defendant's genitals or pubes; (4) the defendant was eighteen years of age or older; and (5) the child was not the defendant's spouse. *Id.* §§ 709.12(4); 709.8(2).

None of the foregoing five elements require the use, attempted use, or threatened use of physical force against the person of another. USSG §4B1.2(a)(1). Further, the Prior Conviction is not burglary of a dwelling, arson, extortion and does not involve use of explosives. *Id.* §4B1.2(a)(2). Therefore, the Prior Conviction is a crime of violence if and only if it falls within the "otherwise" clause of §4B1.2(a)(2).

In *Begay v. United States*, the Supreme Court analyzed the nearly identical "otherwise" clause in the ACCA and held that drunk driving was not a "violent felony." 128 S. Ct. 1581, 1585-86 (2008) (discussing N.M. Stat. Ann. §§ 66-8-102(A) *et seq.*).[3]

---

[3] The New Mexico statute criminalized the operation of a motor vehicle under the
(continued…)

The Supreme Court held that, for a prior felony offense to fall within the scope of the "otherwise" clause, such offense must (1) "pose a similar degree of risk of physical injury as the example crimes" and (2) "be similar in kind to the example crimes." *Williams*, 2008 WL 3266912, *3 (citing *Begay*, 128 S. Ct. at 1585-86). "For a crime to be similar in kind to the example crimes, it should typically involve 'purposeful, violent, and aggressive conduct.'" *Id.*

Defendant argues that the Prior Conviction does not qualify as a crime of violence. Defendant posits that Indecent Contact does not pose a similar degree of risk of physical injury as the example crimes and is not similar in kind to the example crimes. Defendant opines that Indecent Contact does not typically involve purposeful, violent, and aggressive conduct. Defendant stresses that to sustain a conviction for Indecent Contact, it is sufficient if the defendant merely *solicits* the child to touch the defendant; no physical contact need occur. He avers that asking a child to touch one's genitals is much different than forcing a child to touch one's genitals or forcibly touching a child's genitals.

Defendant's arguments lack merit. Although neither party cites any post-*Begay* cases on point, the court holds that the Prior Conviction is a crime of violence. Indecent Contact poses a similar degree of risk of physical injury as burglary of a dwelling, arson, extortion or crimes involving the use of explosives. The Eighth Circuit Court of Appeals has long recognized that sexual activity between adults and children is very dangerous, because of the inherent physical and emotional differences between them. *See, e.g., United States v. Alas-Castro*, 184 F.3d 812, 813 (8th Cir. 1999) (per curiam) (citations omitted) ("[T]his type of contact between parties of differing physical and emotional maturity carries 'a substantial risk that physical force . . . may be used in the course of

---

[3](…continued)
influence of alcohol or with a blood alcohol concentration of .08 or more. N.M. Stat. Ann. §§ 66-8-102(A), (C).

committing the offense.'" (citing 18 U.S.C. § 16(b)). There is also a substantial risk that physical force may be used in the commission of Indecent Contact. *See, e.g., United States v. See Walker*, 452 F.3d 723, 726 (8th Cir. 2006) ("We think that since a sexual crime against a young child involves a substantial risk that physical force may be used in its commission, the offense necessarily poses 'a serious potential risk of physical injury' to the child who is the victim of that crime." (Citations omitted.)). Although the Prior Conviction did not necessarily involve the use of force or even physical contact between Defendant and a child, the mere act of soliciting a child to fondle or touch one's genitals or pubes is abusive because of the psychological harm that may result. *See, e.g., United States v. Ramos-Sanchez*, 483 F.3d 400, 403 (5th Cir. 2007); *United States v. Pierce*, 278 F.3d 282 (4th Cir. 2002).

Indecent Contact is also similar in kind to the example crimes. The Prior Conviction and the example crimes all involve typically purposeful, violent, aggressive acts. Solicitation under Iowa law is akin to attempt. *See, e.g., State v. Shearon*, 660 N.W.2d 52, 56-57 (Iowa 2003) ("[T]he word 'solicit' connotes 'asking or urging' conduct. Put another way, the crime of solicitation 'is in the asking.'" (Citations omitted.)); *State v. Propp*, 532 N.W.2d 784, 787 (Iowa 1995) (defining "solicit" as "'to make petition to; entreat, importune . . to approach with request or plea; . . . to move to action; to strongly urge; to entice or lead astray.'" (quoting Webster's Third International Dictionary 2168 (1965)); Iowa Code § 705.1 (defining solicitation for Iowa Code chapter 705). The Supreme Court and the advisory Sentencing Guidelines recognize that, when a defendant attempts a violent crime, he poses the same risks to society as the completed offense. *See, e.g.*, *United States v. James*, 127 S. Ct. 1586, 1596 (2007) (accepting United States Sentencing Commission's apparent view that "attempt crimes often pose a similar risk of injury as completed offenses") (citations omitted); USSG §4B1.2, cmt. (n.1) (defining "crime of violence" to include "the offenses of aiding and abetting, conspiring, and

attempting to commit such offenses"); *see also United States v. Vidal*, 504 F.3d 1072, 1078 (9th Cir. 2007) (en banc) (reiterating that "'the omission of solicitation from the list [of offenses included within 'crime of violence'] does not carry legal significance" (citations omitted)). When an adult asks a child to fondle or touch his genitals or pubes, the adult clearly acts in a purposeful and aggressive manner. Given the risks of physical and psychological harm to the child and the necessarily close physical proximity of the adult to the child, the solicitation is also violent. *Cf. United States v. Riley*, 183 F.3d 1155, 1157-60 (9th Cir. 1999) (holding that a statute prohibiting sex with persons who were unable to consent was a "crime of violence," because of the inherent risks). Simply put, Indecent Contact is a far cry from the drunk driving statute at issue in *Begay* or other crimes that "impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all." *Begay*, 128 S. Ct. at 1586-87; *see, e.g.*, *United States v. Klima*, No. 06-40101-01 RDR, 2007 WL 756646, *1-*2 (D. Kan. Mar. 8, 2007) (holding that a defendant's prior conviction under Kansas law for solicitation of indecent liberties with a child was a "crime of violence"), *appeal dismissed*, 243 F'Appx. 416 (10th Cir. 2007) (per curiam).

Accordingly, the court holds that the Prior Conviction is a "crime of violence." USSG §4B1.2.

## IV. CONCLUSION

Because Defendant has two prior felony convictions of either a crime of violence or a controlled substance offense, he is a career offender. USSG §4B1.1. Before any potential downward adjustment for acceptance of responsibility, *see* USSG §3E1.1, Defendant's adjusted offense level is **34**. *See* USSG §4B1.1(b)(B) (provision where statutory maximum for the offense of conviction is 25 years or more). Defendant's Criminal History Category is **VI**. *Id.* §4B1.1(b).

**IT IS SO ORDERED.**

**DATED** this 17th day of September, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA